IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| TRAN QUOC VIET,<br><br>Petitioner,<br><br>vs.<br><br>JEROME KRAMER, Sheriff Lincoln County Det. Cet; IMMIGRATION CUSTOM & ENFORCEMENT, ICE; MARK WAYNE MULLIN, Secretary of DHS; and DEPARTMENT OF HOMELAND SECURITY (DHS),<br><br>Respondents. | **8:26CV330**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on its own motion. On July 9, 2026, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking release from immigration detention because Respondents continued to hold him more than 180 days after he had been ordered removed from the United States. Filing No. 1. On July 31, 2026, the Court entered an order denying Petitioner leave to proceed in forma pauperis and directing him to pay the filing fee, Filing No. 8, but the order sent to Petitioner at his last known address was returned to this Court as undeliverable, *see* Filing No. 9. Because the Court cannot determine whether Petitioner has been removed from the United States or has simply been transferred to another detention facility, and pursuant to 28 U.S.C. § 2243 and Rule 4 of the *Rules Governing Section 2254 Proceedings for the United States District Courts*,[1]

[1] Rule 1(b) of the *Rules Governing Section 2254 Proceedings for the United States District Courts* permits the Court to apply any or all of those rules to habeas corpus petitions arising under 28 U.S.C. § 2241. The Court chooses to apply Rule 4, which requires the clerk to serve a copy of the petition and any order on the respondents and the attorney general or any other appropriate officers.

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant U.S. Attorney Christopher L. Ferretti and Assistant U.S. Attorney Eric W. Synowicki as counsel for the federal Respondents and shall, after doing so, regenerate the filing for the Petition.

2. Respondents shall, on or before **September 21, 2026**, make a return certifying the true cause and proper duration of Petitioner's detention, including whether Petitioner is presently detained or whether he has been removed from the United States, and showing cause why the writ should not be granted.

3. Respondent's answer must include:

   a. Such affidavits and exhibits as are necessary to establish the lawfulness of Petitioner's detention in light of the issues raised in the petition;

   b. A reasoned memorandum of law and fact explaining Respondent's legal position on Petitioner's claims; and

   c. The government's position on whether an evidentiary hearing should be conducted.

4. The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 21, 2026**: deadline for Respondents' response.

Dated this 14th day of September, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge