IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

TRAN QUOC VIET,

Petitioner,

vs.

JEROME KRAMER, Sheriff Lincoln County Det. Cet; IMMIGRATION CUSTOM & ENFORCEMENT, ICE; MARK WAYNE MULLIN, Secretary of DHS; and DEPARTMENT OF HOMELAND SECURITY (DHS),

Respondents.

**8:26CV330**

**MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner Tran Quoc Viet's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, Filing No. 1, and the Federal Respondents' response to the petition, Filing No. 11. For the reasons described below, the Court will deny the petition as moot and dismiss this action without prejudice.

## I. BACKGROUND

Petitioner filed his petition on July 9, 2026, seeking release from immigration detention because Immigration and Customs Enforcement ("ICE") had continued to hold him more than 180 days after he had been ordered removed and had "signed for deportation." Filing No. 1 at 2. After an order sent to Petitioner at his last known address at the Lincoln County Jail was returned to this Court as undeliverable, the Court directed the Federal Respondents[1] (hereinafter "Respondents") to file a response to the petition. Filing No. 10. Respondents filed a timely response, Filing No. 11, and the supporting

[1] The Federal Respondents consist of all named Respondents but Jerome Kramer in his official capacity as Lincoln County Sheriff.

declaration of Supervisory Detention and Deportation Officer Quintin Erdman, Filing No. 13, which sets out the following background.

Petitioner is a 47-year-old citizen and native of Vietnam. Filing No. 13 at 4, ¶ 11. Petitioner entered the United States as a refugee in 1990 and adjusted his status to Lawful Permanent Resident in 1994. *Id*., ¶¶ 12–13. On May 11, 2000, the District Court for Lancaster County, Nebraska, convicted Petitioner for theft by unlawful taking and sentenced Petitioner to 20 months to five years prison. *Id*., ¶14. On April 10, 2002, Immigration and Naturalization Service ("INS") encountered Petitioner at the Nebraska State Prison and issued Petitioner a Notice to Appear, form I-862, charging Petitioner with removability under INA Section 237(a)(2)(A)(iii) as an admitted alien that was convicted of an aggravated felony under Section 101(a)(43)(G). *Id*., ¶ 15.

On July 14, 2002, an immigration judge ordered Petitioner removed from the United States to "any country other than Vietnam" and granted Petitioner's withholding/deferral of removal under Article 3 of the Torture Convention. *Id*., ¶ 16. Petitioner filed an appeal with the BIA, which he withdrew, and the BIA returned the case to the immigration judge on November 4, 2003. *Id*., ¶¶ 16–17. On May 12, 2004, the Department of Homeland Security ("DHS") released Petitioner on an Order of Supervision. *Id*., ¶ 18.

On April 12, 2012, February 3, 2021, and September 18, 2025, Petitioner was convicted of various offenses in the District Court for Lancaster County, Nebraska, for which he received prison sentences of five to eight years, 18 months to five years, six to 12 months, and 20 months, respectively. *Id*. at 4–5, ¶¶ 19–21. On October 8, 2025, ICE lodged an immigration detainer with the Nebraska Department of Corrections to take

custody of Petitioner upon his discharge from custody. *Id*. at 5, ¶ 22. On October 14, 2025, ICE arrested Petitioner following his release from state custody and served Petitioner a Notice of Revocation of Release, Filing No. 13-5, and detained him at the Sarpy County Jail in Papillon, Nebraska. Filing No. 13 at 5, ¶ 23.

Also on October 14, 2025, DHS filed a Motion to Reopen and moved the Executive Office for Immigration Review ("EOIR") to terminate Petitioner's deferral of removal under convention against torture ("CAT"). *Id*., ¶ 24. On November 18, 2025, ICE transferred Petitioner to the Work Ethic Camp ("WEC") in McCook, Nebraska. *Id*., ¶ 25. On November 19, 2025, Petitioner wrote ICE stating, "My name is Viet Tran, my A######801. I would like to volunteer for deportation back to Vietnam. Would you please let me know what do I need to do for this process?" *Id*., ¶ 26; *see also* Filing No. 13-7 at 2. On November 20, 2025, the Office of the Principal Legal Advisor filed Petitioner's letter with EOIR. Filing No. 13 at 5, ¶ 27. On December 16, 2025, an immigration judge granted the Motion to Reopen for Termination of Deferral of Removal under CAT. *Id*., ¶ 28. On January 7, 2026, an immigration judge ordered Petitioner removed to Vietnam, and DHS and Petitioner waived appeal. *Id*., ¶ 29.

On February 13, 2026, ICE transferred Petitioner to the Lincoln County Detention Center in North Platte, Nebraska. *Id*., ¶ 30. On or about July 24, 2026, ICE received a travel document from Vietnam for Petitioner and scheduled Petitioner for a removal charter flight to Vietnam on July 28, 2026. *Id*., ¶ 31. On July 28, 2026, ICE transferred Petitioner to Alexandria, Louisiana, for a plane-to-plane transfer for a charter removal flight to Vietnam, but the flight arrived late and Petitioner did not board the charter removal flight. *Id*. at 6, ¶ 32. ICE transferred Petitioner to El Paso, Texas, for staging to be

returned back to Nebraska. *Id*., ¶ 32. On July 31, 2026, ICE transferred Petitioner back to WEC. *Id*., ¶ 33. On September 4, 2026, ICE transferred Petitioner to Alexandria, Louisiana, for staging for a charter removal flight. *Id*., ¶ 34. ICE removed Petitioner to Vietnam via a charter removal flight on September 8, 2026. *Id*., ¶ 35.

## II. DISCUSSION

Respondents contend that, because Petitioner was removed to Vietnam on September 8, 2026, his petition is moot and this Court lacks jurisdiction. The Court agrees.

As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. The parties must continue to have a personal stake in the outcome of the lawsuit" in order to avoid Article III mootness. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (cleaned up). "Once a § 2241 petitioner has been removed from the United States and deported to his native country, however, his petition seeking release from ICE custody becomes moot, as there is no longer a live case or controversy

as required by Article III." *Estrada-Heredia v. Holder*, No. 12-CV-1157, 2012 WL 4839113, at *2 (D. Minn. Sept. 25, 2012) (citing cases), *report and recommendation adopted*, No. CIV. 12-1157, 2012 WL 4839019 (D. Minn. Oct. 11, 2012); *see also Castillo v. Holder*, No. 8:09CV324, 2010 WL 561030, at *1 (D. Neb. Feb. 9, 2010) (habeas petitioner's challenge to detention associated with a removal order "became moot when she was removed from the United States and released from detention") (citing *Louismar v. Holder*, No. CA 09–0221, 2009 WL 2424445, *2 (S.D. Ala. Aug. 6, 2009) ("Several district courts, in addition to this Court, have determined that once a § 2241 petitioner has been removed from the United States and deported to his native country his petition seeking release from detention and ICE custody becomes moot as 'there is no longer a live case or controversy as required under Art. 3, § 2, cl. 1.'")).

Here, Petitioner is subject to a final order of removal and sought release from his alleged prolonged ICE detention. Once Petitioner was removed on September 8, 2026, however, this Court could no longer provide Petitioner the relief he sought in his petition, and this case was rendered moot. *See, e.g.*, *Sirleaf v. Sec'y, Dep't of Homeland Sec.*, No. 17-CV-4126, 2018 WL 3407697, at *1 (D. Minn. June 19, 2018), *report and recommendation adopted*, No. 17-CV-4126, 2018 WL 3404154 (D. Minn. July 12, 2018) ("Sirleaf's removal from the United States leaves nothing for the Court to grant by way of habeas relief."); *Estrada-Heredia*, 2012 WL 4839113, at *2 ("This Court can no longer order the relief sought in the Petition—the immediate release of Estrada–Heredia from ICE detention pending removal to Mexico—because Estrada–Heredia has already been repatriated to Mexico.").

## III. CONCLUSION

In summary, Petitioner's detention with ICE has ended, and the Court cannot grant Petitioner the relief he seeks. Accordingly, the Court will deny the petition as moot and dismiss this matter without prejudice for lack of jurisdiction.[2]

IT IS THEREFORE ORDERED that:

1. The petition for writ of habeas corpus, Filing No. 1, is denied and dismissed without prejudice.

2. The Court will enter a separate judgment.

Dated this 10th day of November, 2026.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge

[2] The certificate of appealability requirement of the Antiterrorism and Effective Death Penalty Act is not applicable to a federal prisoner filing a petition under 28 U.S.C. § 2241. *Mendez v. Mayorkas*, No. 421CV00061CRWHCA, 2021 WL 6618706, at *4 (S.D. Iowa June 28, 2021) (citing *Langella v. Anderson*, 612 F.3d 938, 939 n. 2 (8th Cir 2010); *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)).